1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
8                    AT TACOMA

9    CRAIG WEIGHALL,

10              Plaintiff,                        Case No. 06-5663 RBL/KLS

11        v.                                      ORDER DENYING SECOND
                                                  MOTION FOR APPOINTMENT OF
12   LT. PEA, *et al.*                            COUNSEL

13              Defendants.

14

15       Before the Court is Plaintiff's second motion for appointment of counsel.  (Dkt. # 47).

16   Plaintiff's first motion for counsel (Dkt. # 8) was denied on January 12, 2007.  (Dkt. # 11).   Having

17   reviewed the present motion, the Court finds for the reasons stated below that Plaintiff's motion

18   should be denied.

19                              **I. DISCUSSION**

20       There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.

21   Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding

22   *in forma pauperis*, the court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*,

23   789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984);

24   *Aldabe v. Aldabe,* 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires

25   an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to

26   articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Wilborn*, 789

27   F.2d at 1331.  Neither of these factors is dispositive and both must be viewed together before

28   ORDER - 1

1  reaching a decision on request of counsel under Section 1915(d).  *Id*.

2         Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not

3  demonstrated that the issues involved in this case are complex or that he has had any difficulties in

4  expressing them.  Plaintiff is articulate and brings his claims in a very clear and organized manner.

5  While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se

6  litigant.

7         Plaintiff has raised no new exceptional circumstances that were not addressed or considered

8  in his first motion.  Accordingly, the Court continues to find that counsel is not necessary in this

9  case and Plaintiff's motion to appoint counsel (Dkt. # 47) is **DENIED**.

10        The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

11

12        DATED this 26th  day of March, 2008.

13

14

15                                                    Karen L. Strombom
16                                                    United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28  ORDER - 2